FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

12 NOV 14 PM 1: 38

CLERK-LAS CRUCES

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>**ERIK BILAL KHAN**,  )<br>  )<br>Defendant.  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>  ) | CRIMINAL NO. 12-2901 RB<br><br>Count 1: 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256: Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct;<br><br>Count 2: 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256: Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct;<br><br>Count 3: 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256: Possession of a Matter Containing Visual Depictions of Minors Engaged in Sexually Explicit Conduct. |

INDICTMENT

The Grand Jury charges:

Count 1

On or about April 21, 2012, in Doña Ana County, in the District of New Mexico, the defendant, **ERIK BILAL KHAN**, did knowingly distribute and attempt to distribute a visual depiction of minors engaging in sexually explicit conduct contained in the computer file described as follows: "GERBYS II_012-2-preteen pedo boys.avi" using any means and facility of interstate and foreign commerce, and which visual depiction had been mailed and shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so mailed and shipped and transported by any means, including by computer, the

production of which visual depictions involved the use of a minor engaging in sexually explicit conduct and is of such conduct.

In violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256.

Count 2

On or about the date set forth below, in Doña Ana County, in the District of New Mexico, the defendant, **ERIK BILAL KHAN,** did knowingly receive a visual depiction contained in the computer file described below, which visual depiction had been mailed, shipped and transported in or affecting interstate and foreign commerce, and which contained materials which had been so mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, the production of which involved the use of a minor engaging in sexually explicit conduct and is of such conduct:

| Date Received | Description | File Location |
|---|---|---|
| 2/28/2012 | Video of a nude seemingly prepubescent boy whose hands and feet appear bound behind his back, while an adult male inserts his penis into the boy's mouth | Seagate Drive, serial number: NA0BLJNG |

In violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), 2256, and 2.

Count 3

From on or about February 16, 2010, and continuing to on or about May 9, 2012, in Doña Ana County, in the District of New Mexico, the defendant, **ERIK BILAL KHAN,** did knowingly possess a matter, to wit: Dell Laptop Computer (Service Code: 37728074485) containing visual depictions that had been shipped and transported using any means and facility

of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate commerce, and which were produced using materials which had been shipped and transported in interstate and foreign commerce, by any means, including by computer, the production of which visual depictions involved the use of a minor engaging in sexually explicit conduct and are of such conduct.

In violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256.

## FORFEITURE ALLEGATIONS

The allegations contained in Counts 1-3 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. 2253. Upon conviction of any offense in violation of 18 U.S.C. § 2252, the defendant, **ERIK BILAL KHAN**, shall forfeit to the United States pursuant to 18 U.S.C. § 2253 any matter which contains visual depictions produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18, United States Code; any property, real or personal, constituting or traceable to gross profits or other proceeds the defendant obtained as a result of the said violations; and any property, real or personal, used or intended to be used to commit or to promote the commission of the violations or any property traceable to such property.

The property to be forfeited includes, but is not limited to, any computer or computer-related media that is determined to contain evidence or was an instrumentality of a violation of 18 U.S.C. § 2252.

## SUBSTITUTE ASSETS:

If any property described above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described above.

A TRUE BILL:

/s/

FOREPERSON OF THE GRAND JURY

*[signature]*

Assistant United States Attorney

*[initials]* 11/09/12 4:31pm