FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 25 2013

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 12-02901-RB |
| ) | |
| ERIK BILAL KHAN, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11, the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **ERIK BILAL KHAN**, and the defendant's counsel, JASON BOWLES.

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with counsel and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands defendant's rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to confront and cross-examine witnesses and to call witnesses in the defense of this charge; and

   d. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to the Superseding Indictment charging violations of: Count 1: 18 U.S.C. § 2252(a)(2), (b)(2), Distribution of Child Pornography; Count 2: 18 U.S.C. § 2252(a)(2), (b)(2), Receipt of Child Pornography; Count 3: 18 U.S.C. § 2252(a)(4)(B), (b)(2), Possession of Child Pornography; and Count 4: 18 U.S.C. § 2251(a), 2251(e) Attempted Production of Child Pornography.

## SENTENCING AGREEMENT AND PENALTIES

4. The defendant understands that the statutory maximum penalty the Court can impose as to Counts 1-2 is:

   a. a mandatory minimum of 5 years and up to 20 years imprisonment;

   b. a fine not to exceed $250,000.00;

   c. a term of supervised release of up to life. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

   d. a mandatory special penalty assessment of $100.00;

   e. restitution as ordered by the court under 18 U.S.C. § 2259.

5. The defendant understands that the statutory maximum penalty the Court can impose as to Count 3 is:

   a. up to 20 years imprisonment;

   b. a fine not to exceed $250,000.00;

   c. a term of supervised release of up to life. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

   d. a mandatory special penalty assessment of $100.00;

    e.  restitution as ordered by the court under 18 U.S.C. § 2259.

6. The defendant understands that the statutory maximum penalty the Court can impose as to Count 4 is:

    a.  a mandatory minimum of 15 years and up to 40 years imprisonment;

    b.  a fine not to exceed $250,000.00;

    c.  a term of supervised release of up to life. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.  a mandatory special penalty assessment of $100.00;

    e.  restitution as ordered by the court under 18 U.S.C. § 2259.

7. The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

8. It is expressly understood and agreed by and between the defendant and the United States that:

    a.  The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Rule 32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

    b.  Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any

subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> During the times alleged in the indictment, I, Erik Khan, distributed child pornography. For example, between May 25, 2009, to May 9, 2012, I knowingly distributed images of child pornography, as alleged in Count 1 of the Indictment. Specifically, on April 21, 2012, I shared a video with the file name "GERBYS II_012-2-preteen pedo boys.avi." The video is a visual depiction of a minor engaged in sexually explicit conduct. The video depicts real children—two boys, one of whom is prepubescent—having oral sex and anal intercourse. The image had been shipped or transported in interstate commerce by means of its transmission over the internet, and also by means of a computer. I distributed the video by knowingly sharing the video on a file sharing network.
>
> I further admit that I knowingly received images of child pornography between March 17, 2008, and May 9, 2012, as alleged in Count 2 of the Superseding Indictment. One such video, which bears the file name "p101 - boyorgie-beayerdam, mikael tied.mpg", is a visual depiction of a minor engaged in sexually explicit conduct. The video was found on the Seagate Drive bearing serial number: NAOBLJNG, recovered from my home. The video had been shipped or transported in interstate commerce by means of its transmission over the internet, and also by means of a computer. The video shows an actual child, namely a pre-pubescent boy under the age of 12, engaging in sexually explicit. Specifically, the video depicts a nude prepubescent boy whose hands and

feet are bound behind his back, while an adult male inserts his penis in the boy's mouth.

I admit that from on or about July 28, 2008, and continuing to on or about May 9, 2012, I was in possession of a Dell Laptop Computer bearing service code: 37728074485 ("Dell Laptop"), as charged in Count 3 of the Superseding Indictment. The Dell Laptop was manufactured in China, and thus necessarily traveled in foreign commerce to be present in the state of New Mexico. I knew that the Dell Laptop contained child pornography that I had stored on it ~~and, so knowing, I chose a visual depiction of a minor engaged in sexually explicit conduct for my set desktop wallpaper on the Dell Laptop.~~ The file name for the image that I chose is "Internet Explorer Wallpaper.bmp." The image shows a close-up shot of an erect penis of an actual child, specifically a pre-pubescent boy approximately 8 to 11 years old.



I finally admit that from on or about September 1, 2009, until May 1, 2010, I knowingly attempted to persuade and induce someone I believed to be a minor to produce child pornography for my benefit. Specifically, during that time period, as alleged in Count 4 of the Superseding Indictment, I was the user of the e-mail account ptbys12@gmail.com. I began communicating online with someone using the e-mail account lovesgporn@yahoo.com. I believed the user of that account was a minor male. In order to induce the purported minor to produce child pornography of himself, I sent him videos and images of child pornography on several occasions. I also requested that the purported minor make pornographic images of himself on several occasions. On April 3, 2010, I received two pornographic photos from the purported minor in answer to my request. The photos depict a minor male between thirteen to fifteen years old holding his erect penis.

All of the above facts took place over an internet connection in Doña Ana County, in the District of New Mexico.

10. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

11. The United States and the defendant stipulate as follows:

   a. Pursuant to USSG § 3E1.1, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, the defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States Probation Officer who prepares the presentence report in this case in which the defendant clearly establishes an entitlement to this reduction.

   b. The defendant meets the requirements of USSG § 3E1.1(b), and thus the government agrees to move for a reduction of one (1) additional level from the base offense level as calculated under the sentencing guidelines.

## **DEFENDANT'S OBLIGATIONS**

 12. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

 13. The defendant acknowledges that he has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where the defendant resides; where the defendant works; and where the defendant is a student. The defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information.

The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. The defendant agrees that, based on his conviction in this case, he will be correctly classified as a Tier II sex offender, subject to a twenty-five (25) year registration period under 42 U.S.C. §§ 16911, 16915. Regardless of his classification, however, the defendant hereby stipulates to and agrees to the twenty-five (25) year registration period that a Tier II sex offender would be subject to under 42 U.S.C. §§ 16911, 16915.

## FORFEITURE

14. The defendant agrees to forfeit, and hereby forfeits, whatever interest he may have in any asset derived from or used in the commission of the offenses in this case. The defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which he may have knowledge that were derived from or used in the commission of offenses committed by other persons.

15. The defendant agrees that he will forfeit to the United States all of his right, title, and interest in the following assets and properties:

        1)     Thermal Take CPU, s/n VI90001W2Z0808001814;
        2)     Western Digital Hard Drive, s/n WMAZA0898342;
        3)     Western Digital Hard Drive, s/n WCAV53998172;
        4)     Nikon Cool Pics S-210 Digital Camera, s/n 36408038;

5) Galexy Tablet, Model SGH-T849, FCCID: A3LSGHT849, s/n R6VZB23838H;
6) Apple Magic Trackpad, Model A1339, FCC ID: BCGA1339, s/n 881481DRDBRDA;
7) Sony Microcassette-corder M-570V, s/n 904621;
8) Western Digital Hard Drive, s/n WXEY05004404;
9) Western Digital Hard Drive, s/n WXEY05678395;
10) Apple Laptop, s/n W883105P12G;
11) Dell Laptop, s/n HBYBKL1;
12) Dell Laptop, s/n 1CYBKL1;
13) X-Box 360 Console, s/n 364820502405;
14) X-BOX Remote Controller, s/n 02880084981115;
15) Simple Tech Hard Drive, s/n 08135510500412142;
16) Western Digital Hard Drive, s/n WCAL92088154;
17) Western Digital Hard Drive, s/n WCAL91171100;
18) MAC Mini Apple Hard Drive, s/n C07GF18JDJD3;
19) Apple Magic Trackpad A1339, s/n 8B141018GBRDA;
20) Apple External CD ROM Drive Model A1270;
21) Apple Keyboard Model A1359;
22) Apple Keyboard Model A1314;
23) HP Laptop, s/n CND5520QSZ;
24) Gateway Laptop, s/n RL000666606120032;
25) Acer Laptop, s/n LXPEE0Y0029232E2331601;
26) Iomega Hard Drive, s/n WSAB15A885;
27) Cisco Router, s/n CSE11H739716;
28) Apple Hard Drive, s/n C07D10TWDD6L;
29) Apple Router, s/n C86GJAVJDM72;
30) X-BOX 360 Game Console, s/n X809507-006;
31) MAC Keyboard, MODEL A1314, s/n DG712841KH1DPPQYA3;
32) Apple Mousepad, MODEL A1339, s/n 8B1270UZUBRDA;
33) Pioneer Navigation Receiver, s/n HEGE003674UC;
34) ASUS Laptop, s/n 99N0AS207530379;
35) Western Digital External Hard Drive, s/n WXE508LF9578
36) Seagate Goflex, s/n NA0BLJNG;
37) Cannon Vixia Camcorder, MODEL HFM40A, s/n 432292102684;
38) Apple IPOD, s/n 8K9119W52C7;
39) T-Mobile HTC Cell Phone, s/n NT95RLW00013;
40) Blackberry Cell Phone, s/n D7604688329;
41) Blackberry Cell Phone, IMEI 356543030979362;
42) Kenwood In Dash Video System, s/n 80302915;
43) Apple IPAD, s/n DLXGL75MDJHG;
44) Apple IPOD, s/n 9C0090X76K4;
45) Western Digital Hard Drive, s/n WCAL92722286;
46) X-BOX 360 Hard Drive, s/n X804675-003;
47) Maxtor Hard Drive, s/n 66220333172;
48) Apple IPAD, s/n V5026PVVETV;

       49)     X-BOX Kinect, s/n 167780604235;
       50)     Logitech Remote, s/n WD005XM;
       51)     Comcast Router, s/n 500714DFAE;
       52)     IPAQ Travel Companion, s/n 3CC84106LD;
       53)     T-Mobile Blackberry, s/n 24B4505B, IMEI 358453024778986;
       54)     Nikon Digital Camera D-90, s/n 3385366;
       55)     Nikon Digital Camera Battery, s/n 1013091;
       56)     Nikon Digital Camera Lense, s/n US36296774;
       57)     Cannon Powershot Camera ALPH 500 HS, s/n 92072000609;
       58)     E-Machine Computer Tower, s/n RC4682504-0003;
       59)     E-Machine Computer Tower, s/n RC4682504-0047;
       60)     IBM CPU, s/n 96905GULKWVVV5;
       61)     Lenovo Computer Tower, s/n 11S41R4850ZVJ2TH769102;
       62)     Soprano CPU Tower, s/n VB1000SWS0706001951;
       63)     Samsung Flatscreen TV, s/n AKWX3CMQ200647T;
       64)     Sony Flatscreen TV, s/n 8722302;
       65)     T-Mobile Cell Phone, s/n SHIIRR202287; and
       66)     Apple IPHONE A1387, ICC 579C-E2430A

(hereafter the "Subject Property").

16.     The defendant agrees to fully assist the United States in the forfeiture of the Subject Property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the defendant's interest in the Subject Property to the United States.

17.     The defendant agrees to waive the right to notice of any forfeiture proceeding involving the Subject Property.

18.     The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the Subject Property. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## RESTITUTION

19. Pursuant to 18 U.S.C. § 2259, the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. § 2259(b)(3) and (c) as may be proved by the United States or stipulated to by the parties. The defendant acknowledges that the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source.

20. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea. The defendant further agrees to comply with any restitution order entered into at the time of sentencing. The defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the provable losses caused by defendant's activities. The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

21. The defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, the defendant agrees that, before sentencing, the defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by the defendant. The defendant shall also identify all assets valued at more than $5,000 which have been transferred to

third parties since May 18, 2012, including the location of the assets and the identity of any third party.

22. The parties will jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. *See* 18 U.S.C. § 3664(k), (n).

23. The parties will also jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, before the defendant transfers any interest in property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. *See* 18 U.S.C. § 3664(k), (n).

24. The defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

## CONDITIONAL PLEA

25. Pursuant to Fed. R. Crim. P. 11(a)(2), the defendant, with the consent of the United States, reserves the right to appeal the Order of the United States District Court denying Defendant's Motion to Suppress All Evidence Obtained as a Result of Overbroad Search Warrant (Doc. 31). The United States and Defendant agree that Defendant expressly waives his right to appeal his Motion to Suppress for Violation of the Sixth Amendment Right to Counsel (Doc. 22). If the defendant prevails on the appeal of the District Court's Order (Doc. 56), the defendant shall be allowed to withdraw this guilty plea.

## GOVERNMENT'S AGREEMENT

26. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Superseding Indictment (Doc. 26).

27. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

28. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

29. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea

agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

30. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00 per count for a total of **$400** in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

31. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 25 day of November, 2013.

STEVEN C. YARBROUGH
Acting United States Attorney

MARISA A. LIZARRAGA
Assistant U.S. Attorney
555 S. Telshor Blvd., Suite 300
Las Cruces, NM 88011
(575) 522-2304 - Tel.
(575) 522-2391 - Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
ERIK BILAL KHAN
Defendant

I am the attorney for ERIK BILAL KHAN, Defendant. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
JASON BOWLES
Attorney for Defendant

_____
ROBERT GORENCE
Attorney for Defendant