IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                            No. CR-12-2901 RB

ERIK BILAL KHAN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Erik Khan's Motion to Reconsider Denial of Motion to Suppress (Doc. 118) and Corrected Motion and Memorandum to Reconsider Denial of Motion to Suppress (Doc. 125). Having reviewed the parties' submissions and arguments, the Court **DENIES** the motions.

## I.   BACKGROUND

Mr. Khan is charged with distributing child pornography, receiving child pornography, possessing child pornography, and inducing a minor to engage in sexually explicit conduct for the purpose of creating child pornography. (Doc. 26.) In 2012, the Las Cruces Police Department, working in conjunction with Homeland Security Investigators, located a computer trafficking in child pornography through a peer-to-peer file sharing network. (Docs. 68 at 169:24–170:4; 35-1 at 12).) Investigators tracked the computer's IP address to a residence in Las Cruces, New Mexico. (Doc. 35-1 at 12.) The Las Cruces Police Department sought and obtained a warrant to search that residence and associated vehicles. (*Id.* at 1–2.) Detective Kacee Thatcher of the Las Cruces Police Department prepared the affidavit in support of the warrant and sought feedback from a detective with expertise on computer crimes and the Dona Ana County District Attorney's

Office. (Doc. 68 at 179:18–24.)  After finalizing the draft affidavit, Detective Thatcher submitted the affidavit and warrant to a New Mexico district court judge. (Doc. 68 at 179:24–180:1, 181:18–20.) Investigators searched the residence and uncovered over twenty thousand files containing pornographic images and video of children. (Doc. 97 at 5.) Investigators seized other items deemed relevant to the investigation for possession of child pornography. (Doc. 56 at 21.) Mr. Khan later admitted, after being read his *Miranda* rights, to owning hundreds of files containing child pornography. (Doc. 1 ¶ 9.) Investigators also used information from the search of Mr. Khan's home to obtain another warrant and access e-mail communications from Google, Inc. (*See* Docs. 134; 134-7 at 4.)

Mr. Khan filed two motions to suppress evidence, one of which asserted that the search warrant was overbroad. (Doc. 31.) The Court held a six-hour hearing (*see* Doc. 68 at 1, 71, 125, 198, 255) and denied both motions about three weeks later (*see* Docs. 50, 56). The Court found that the search warrant incorporated the affidavit because the affidavit was attached to the search warrant (Doc. 56 at 5), the evidence seized was relevant to the crime investigated and supported by probable cause (*id.* at 13, 21), the categories described in the warrant were sufficiently specific (*id.* at 17), the search and seizure of computer files was not overbroad (*id* at 18, 20), and, in the alternative, the evidence was still admissible pursuant to the good-faith exception (*id.* at 22–24).

Mr. Khan pleaded guilty to four separate counts for distributing, receiving, possessing, and attempting to produce child pornography. (Doc. 65 at 3.) More than a year later, Mr. Khan, represented by new counsel, moved to withdraw his guilty plea, which was denied. (Doc. 110.) But Mr. Khan didn't stop there. Just short of a month later, Mr. Khan filed four substantive motions (Docs. 116, 118, 120, 121), including the instant Motion to Reconsider Denial of Motion to Suppress (Doc. 118; *see also* Docs. 125, 134). Mr. Khan's many arguments to reconsider the

motion to suppress fail because most of the motion "merely advances new arguments [and] supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Mr. Khan also fails to show that he suffered manifest injustice because he has not established that his previous counsel's actions were deficient or that he suffered any prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## II. LEGAL STANDARD

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014); *see also United States v. Healey*, 376 U. S. 75, 78 (1964). A trial court may grant a motion to reconsider in situations including "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Christy*, 739 F.3d at 539. Conversely, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012 (stating that motions to reconsider are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion")). Whether to grant or deny a motion to reconsider is committed to the district court's sound discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel Claims Regarding the Sufficiency of Warrants

"Claims of ineffective assistance of counsel should normally be brought in collateral proceedings in order to fully develop a factual record for review." *United States v. Harmon*, 742 F.3d 451, 460 (10th Cir. 2014). Notably, appellate courts will only consider such claims on direct

appeal in rare cases that need no further fact development. *Id.*; *see also United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011) (citing exceptions where the district courts had held hearings to evaluate ineffective assistance of counsel).

To establish ineffective assistance of counsel, a defendant must (1) show that counsel's performance was deficient and (2) establish that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. For the performance inquiry, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotations omitted). "Even the best criminal defense attorneys would not defend a particular client in the same way." *Id.* To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"As is obvious, *Strickland*'s standard, although by no means insurmountable, is highly demanding." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). In *Kimmelman*, the Court held that counsel provided deficient assistance by failing to investigate because counsel did not even ask for discovery and then failed to file a timely suppression motion. *Id.* at 385. Notably, counsel did not avoid discovery for some strategic reason, but rather because he erroneously believed the government had to disclose all incriminating evidence even absent discovery requests. *Id.* Similarly, in *Hinton v. Alabama*, counsel was deficient when he failed to hire an expert to challenge the only physical evidence in the case because he mistakenly believed he could not request sufficient funds from the court. *Hinton v. Alabama*, 134 S. Ct. 1081, 1084, 1088 (2014). When an attorney is ignorant on a point of law that "is fundamental to his case" and the

attorney fails "to perform basic research on that point" the attorney is deficient. *Id.* at 1089.

Although Mr. Khan argues he suffered manifest injustice due to his previous counsel's ineffective assistance, no such deficiencies exist here. Mr. Khan's current counsel may have approached the case differently, but none of the tactical differences proffered by the defense are outside the "wide range of professionally competent assistance." *Strickland*, 466 U.S. 668. For example, Mr. Khan's previous counsel chose not to attack the search warrant by hiring an expert on peer-to-peer file sharing or investigate the affidavit's attachment to the warrant, but unlike *Kimmelman*, counsel still moved to suppress the evidence. (Doc. 31.) *See Kimmelman*, 477 U.S. at 385. Counsel then spent over six hours arguing to suppress this and other evidence. (*See* Doc. 68 at 1, 71, 125, 198, 255.) The decision to focus effort on legal arguments is far different from failing to investigate fundamental issues in a case due to a misunderstanding of the law. *See Hinton*, 134 S. Ct. at 1089. The same holds true for legal arguments that could have "buttressed" Mr. Khan's defense. (Doc. 134 at 3.) It was within the wide range of professionally competent assistance to instead focus on other, more promising arguments. *Strickland*, 466 U.S. at 687.

Mr. Khan also did not suffer manifest injustice when his previous counsel did not argue to exclude evidence obtained through the Google warrant. As even Mr. Khan recognizes, only one circuit court has decided whether Federal Rule of Criminal Procedure 41 allows a district court to issue warrants for electronic information outside of the district where the investigated offense occurred, and that circuit held that the district court could issue such warrants. (*See* Doc. 146 at 6 (citing *United States v. Berkos*, 543 F.3d 392 (7th Cir. 2008).) Mr. Khan's counsel was certainly not deficient in choosing to prioritize other arguments over one based on unsettled law with contradictory persuasive precedent.

Moreover, such decisions did not prejudice the outcome. The Court has already held that

5

"even if the [first] warrant were invalid," the good-faith exception would still protect the evidence from exclusion. (Doc. 24.) The same holds true for the Google warrant. *See United States v. Leon*, 468 U.S. 897, 920 (1984). Thus, all of Mr. Khan's current arguments, except for the misled-judge claims discussed supra,[1] would not have impacted the outcome.

Mr. Khan's previous counsel was not deficient for not attacking the warrants through every argument possible; nor would these arguments have changed the outcome. *See Strickland*, 466 U.S. at 687. Thus, Mr. Khan's previous counsel was not ineffective and Mr. Khan suffered no manifest injustice regarding these arguments.

### B. New Evidence and Ineffective Assistance of Counsel Claims Regarding the Good-Faith Exception

Evidence seized under a warrant later found to be invalid may be admissible if the executing officers acted in good-faith with reasonable reliance on the warrant. *Leon*, 468 U.S. at 920. The good-faith exception applies unless (1) the issuing judge was misled by information in the supporting affidavit that the affiant knew was false or where the affiant recklessly disregarded the truth; (2) the judge "wholly abandoned his judicial role" in issuing the warrant; (3) the affidavit was "so lacking in indicia of probable cause" that belief in probable cause was unreasonable; or (4) the warrant was "so facially deficient" that executing officers could not reasonably believe it was valid. *Id.* at 922–23.

"There is . . . a presumption of validity with respect to the affidavit supporting the search warrant." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). A defendant may challenge this presumption and demand an evidentiary hearing on the matter by citing to specific statements and

---

[1] Mr. Khan also argues that the New Mexico district court judge abandoned his judicial role in approving the warrant. (Doc. 134 at 27.) However, this argument is unpersuasive. The meager evidence that the affidavit was not attached was available to Mr. Khan's previous attorney and he was not deficient in failing to investigate in light of other, more promising arguments.

showing that the affiant was deliberately false or recklessly disregarded the truth by providing an offer of proof.  *Id.*  The offer of proof must include "[a]ffidavits or sworn or otherwise reliable witness statements . . . , or their absence [must be] satisfactorily explained."  *Id.*  Lastly, a hearing is only necessary if the affidavit lacks sufficient probable cause to support the warrant absent the challenged statements.  *Id.*

Here, Mr. Khan asserts that the government does not qualify for the good-faith exception and a *Franks* hearing is necessary because Detective Thatcher "lie[d]" when she stated in her affidavit that "in most of the cases [she has] investigated, [people who possess and/or distribute child pornography] actually have admitted to sexually abusing at least one child."  (Doc. 31-1 at 15.)  Mr. Khan requests that the Court reconsider denial of the motion to suppress because new evidence shows Detective Thatcher "lie[d]" and Mr. Khan suffered manifest injustice because his previous counsel was ineffective in failing to discover that evidence.

Let us first dispense with the argument that Detective Thatcher's previous cases provide "new evidence previously unavailable" to the defense.  *Christy*, 739 F.3d at 539.  Mr. Khan's current argument relies on the four other peer-to-peer child pornography cases Detective Thatcher investigated.  (*See* Doc. 134 at 22.)  Mr. Khan's previous counsel received information on these cases during the suppression hearing and obtained additional time to review them, specifically to address a good-faith argument that the judge was misled.  (*Id.* at 223, 225.)  As such, the information was available prior to the Court's suppression ruling and does not qualify for reconsideration as "new evidence previously unavailable."  *Christy*, 739 F.3d at 539.

Mr. Khan also fails to provide any evidence that his previous counsel was ineffective in addressing this issue.  Mr. Khan's previous counsel argued persuasively to obtain information on these affidavits and receive additional time to investigate the cases.  (*See* Doc. 68 at 206, 208,

7

212, 223.) Mr. Khan's previous counsel informed the Court that he intended to look into those cases and get back to the Court if the hearing "had to be reopened with regard to any potential questions." (*Id.* at 223.) Even now, Mr. Khan's only evidence to challenge Detective Thatcher's statement is that the statements of facts supporting the complaints do not allege sexual child abuse in two of the four cases.[2] (*See* Docs. 134-3; 134-5; 134-6.) He provides no relevant evidence beyond this initial stage in litigation. Unlike *Kimmelman* or *Hinton*, Mr. Khan also presents no evidence that his previous counsel failed to investigate due to an erroneous interpretation of the law. *See Kimmelman*, 477 U.S. at 385; *Hinton*, 134 S. Ct. at 1088. The far more likely scenario is that his previous counsel investigated the other cases and found insufficient evidence to present to the Court. "Even the best criminal defense attorneys," could disagree on the whether it would be advisable to seek a rehearing based on the limited weight of this evidence. *Strickland*, 466 U.S. at 688. As such, Mr. Khan fails to overcome the presumption that his previous counsel chose not to pursue the issue further as part of a "sound trial strategy." *See id.* at 689.

    Nor is the information sufficient to show prejudice. Without more to directly refute Detective Thatcher's claim that the defendants in the other cases at some point admitted to sexual abuse of a child, there is insufficient information to show a reasonable probability that the Court would have found Detective Thatcher intentionally or recklessly mislead the New Mexico district court judge to obtain the warrant. For the same reasons, Mr. Khan has not shown that his previous counsel deficiently failed to request a *Franks* hearing. A reasonable attorney certainly could have decided the statements of fact were insufficient to request an evidentiary hearing and Mr. Khan has

---

[2] One of the statements of facts includes the defendant's admission to cultivating a relationship with a fourteen-year-old girl and obtaining nude photographs of the girl in "sexually explicit positions." (Doc. 134-3 at 6.) This direct sexual exploitation of a child would be enough to reasonably qualify as one of the cases involving both pornography and sexual abuse of a child.

not shown reasonable probability that a *Franks* hearing would have uncovered enough to strike Detective Thatcher's statement.  See *Franks*, 438 U.S. at 171.

Moreover, claims of ineffective assistance of counsel are best considered in collateral proceedings.  *Harmon*, 742 F.3d at 460.  The facts are far from developed in this case.  (*See, e.g.* Doc. 134 at 2–6, 21–26.)  Nor would a *Franks* hearing sufficiently develop evidence on ineffective assistance of counsel, because that evidentiary hearing would only address Detective Thatcher's veracity.  The Court does not have sufficient evidence to consider the trial strategy of Mr. Khan's previous counsel, and as such, Mr. Khan's claims for ineffective assistance of counsel would be more appropriately considered in collateral proceedings.

IV. **CONCLUSION**

Mr. Khan's motion fails to establish any change in controlling law, new evidence previously unavailable, or clear error of manifest injustice to justify his request to reconsider the Court's denial of his motion to suppress.  See *Christy*, 739 F.3d at 539.

**THEREFORE**,

**IT IS ORDERED** that Mr. Khan's Motion to Reconsider Denial of Motion to Suppress (Doc. 118) and Corrected Motion and Memorandum to Reconsider Denial of Motion to Suppress (Doc. 125) are **DENIED**.

                                                **ROBERT C. BRACK**
                                                **UNITED STATES DISTRICT JUDGE**