## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                         No. CR-12-2901 RB

ERIK BILAL KHAN,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Erik Khan's Motion to Reconsider Denial of Motions to Withdraw and Vacate Guilty Plea (Doc. 116).   Having reviewed the parties' submissions and arguments, the Court **DENIES** the motion.

## I.      BACKGROUND

Mr. Khan pled guilty to four separate counts for distributing, receiving, possessing, and attempting to produce child pornography in front of a United States magistrate judge.   (Docs. 65 at 3; 66.)   In his plea agreement and during the plea colloquy, Mr. Khan was incorrectly advised about the maximum penalties he was facing for two counts.   On Count Three, Defendant was told he faced a maximum 20 years imprisonment, whereas the correct maximum was 10 years for Count Three.   (Doc. 110 at 3.)   Separately, on Count Four, Defendant was advised that he faced up to 40 years of imprisonment, but the statutory maximum for that charge was, and is, 30 years. (*Id.*)   Accounting for the two maximum penalty errors, Defendant pled to crimes that exposed him to a maximum of 80 years imprisonment rather than the 100 years he was told.

More than a year later, Mr. Khan, represented by current counsel, moved to withdraw his guilty plea.   (*See* Docs. 84, 91.)   Mr. Khan argued first to withdraw his plea pursuant to Federal

Rule of Criminal Procedure 11(d)(1), asserting in his reply that the magistrate judge who accepted Mr. Khan's plea was not authorized to accept the felony guilty plea and, in the alternative, Mr. Khan's acceptance in front of the magistrate judge did not preclude Mr. Khan from exercising his right under Rule 11(d)(1) to withdraw his guilty plea.   (Doc. 88 at 2.)   Mr. Khan also argued to withdraw his plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), arguing that he had asserted his innocence (Doc. 103 at 14) and his plea was involuntary (Doc. 91 at 3, 6).   To support his involuntary-plea claim, Mr. Khan asserted he was misled about the maximum sentences for imprisonment and the minimum sentence for supervised release.   (*Id.* at 3, 6, 8.)   As part of this argument, Mr. Khan quoted *United States v. Gigot*, 147 F.3d 1193, 1199 (10th Cir. 1998), where the court held that the defendant's plea was involuntary because "[i]t is more than possible that [the defendant] might have chosen to take her chances with a jury trial" absent the district court's errors.   (*Id.* at 8.)   In response, the Government provided audio files and transcripts of Mr. Khan's jailhouse calls, citing to instances where Mr. Khan referred to the correct statutory maximum penalties in conversations with his family.   (*See, e.g.*, Doc. 97 at 13.)

The Court held a joint hearing (*see* Doc. 93) and, after considering the arguments, denied Mr. Khan's motions to withdraw his plea of guilty.   (Doc. 110.)   In the order, the Court determined Mr. Khan was not entitled to withdraw his plea pursuant to Rule 11(d)(1) because the Tenth Circuit allows magistrate judges to accept defendants' pleas "for the purpose of Rule 11." (*Id.* at 6.)   The Court further determined that Mr. Khan failed to show a fair and just reason for withdrawal pursuant to Rule 11(d)(2)(B) because he "failed to present 'a factual argument' to support a credible claim of legal innocence (*id.* at 7 (quoting *Unites States v. Hamilton*, 510 F.3d 1209, 1215 (10th Cir. 2007)) and his plea was voluntary and knowing because Mr. Khan had not

shown "it is more than possible that he would have made a different decision" with the correct sentencing information (*id.* at 9).

## II.     LEGAL STANDARD

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them."   *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).   A trial court may grant a motion to reconsider in situations including "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."   *Christy*, 739 F.3d at 539.   Conversely, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier."   *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating that motions to reconsider are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion")). Whether to grant or deny a motion to reconsider is committed to the district court's sound discretion.   *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

## III.    DISCUSSION

Federal Rule of Criminal Procedure 11(d)(1) allows a defendant to withdraw a guilty plea "before the court accepts the plea, for any reason or no reason . . . ."   Once the court has accepted a plea, however, a defendant may only withdraw the plea by showing "a fair and just reason for requesting the withdrawal."   Fed. R. Crim. P. 11(d)(2)(B).

### A.  Withdrawal Pursuant to Rule 11(d)(1)

Mr. Khan fails to identify any changes in controlling law, new evidence previously unavailable, or clear error or manifest injustice to warrant reconsideration.   *See Christy*, 739 F.3d

3

at 539.   Instead, he spends most of his time restating arguments addressed by the previous memorandum opinion and order or during the hearing.   (*Compare* Doc. 116 at 6 (asserting on behalf of Khan, "Respectfully, any holding in *Ciapponi* . . . has clearly and unequivocally been superseded by the subsequent promulgation of Rule 11(d)(1)") *with* Doc. 110 at 5 (determining in the opinion, "However, the amendment to Rule 11(d)(1) did not upend *Ciaponni*'s express holding").   Alternatively, Mr. Khan seeks to clarify his own previous assertions.   (*Compare* Doc. 127 at 55 (stating in the hearing on behalf of Mr. Khan, "Obviously, my presumption would be that other districts within the circuit . . . would follow the process laid out in *Ciapponi* and *Salas-Garcia*) *with* Doc. 116 at 7 (stating in his motion to reconsider, "As it turns out, the practice of consenting to plead before magistrates does not appear to be uniform in [sic] Tenth Circuit.").)   Mr. Khan makes no assertions that this evidence was unavailable during his initial motion to withdraw his plea.   Lastly, Mr. Khan asserts new versions of the same arguments challenging Tenth Circuit precedent.   (*See id.* at 3–5)   None of these tactics are appropriate for a motion to reconsider.   *See Servants of Paraclete*, 204 F.3d at 1012.

### B.  Withdrawal Pursuant to Rule 11(d)(2)(B)

After the court has accepted a guilty plea, a defendant must "show a fair and just reason" to withdraw the plea.   Fed. R. Crim. P. 11(d)(2)(B).   The defendant bears the burden.   *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007).   The Tenth Circuit analyzes seven factors when considering a motion to withdraw a plea:

(1)      whether the defendant asserted his innocence,
(2)      whether the plea was knowing and voluntary,
(3)      whether defendant was assisted by counsel,
(4)      whether the defendant delayed filing his motion and, if so, why,
(5)      whether withdrawal would prejudice the government,
(6)      whether withdrawal would substantially inconvenience the court, and
(7)      whether withdrawal would waste judicial resources.

*Id.*   Additionally, the Tenth Circuit suggests consideration of an eighth factor, whether the government would likely convict the defendant at trial.   *United States v. Sanchez-Leon*, 764 F.3d 1248, 1258 (10th Cir. 2014).   Among these factors, the most important to consider are whether the defendant asserted his innocence, the validity of his plea, and the assistance of his counsel.   *Id.* at 1217.   If a defendant cannot meet his burden to prove these factors, the Court need not address the remaining factors.   *Hamilton*, 510 F.3d at 1217 (stating that the remaining factors focus on the potential burden on the Government and the Court and "even if [the remaining] factors weigh in a defendant's favor, they cannot establish a fair and just reason for withdrawal.").

Mr. Khan first alleges that the Court misapprehended Mr. Khan's position regarding his claim of innocence.   To satisfy the assertion of innocence factor, the defendant must claim actual innocence or at least "present a *credible* claim of legal innocence" by submitting "a *factual argument* that supports a legally cognizable defense."   *Hamilton*, 510 F.3d at 1214.   Mr. Khan argues that the Court misapprehended Mr. Khan's assertion of innocence because the Court did not address Mr. Khan's statement that previous counsel denied him access to discovery in support of Count Four (Doc. 116 at 13–14), even though he was not precluded from seeing such evidence (Doc. 103-4 ¶ 14).   Although this statement may support Mr. Khan's subsequent claim that he felt "misled" when he agreed to plead guilty to Count Four (*id.* at ¶ 15), it provides no factual argument to support that he was innocent, factually or legally, of actually committing Count Four.

Next, Mr. Khan re-asserts that his plea was involuntary because he received inaccurate advice regarding his maximum statutory prison sentence.   (Doc. 116 at 14.)   In his motion to reconsider, Mr. Khan argues that the Court incorrectly relied on *United States v. Dominguez Benitez* to determine that the burden rests on the defendant to show "a reasonable probability that, but for the error, he would not have entered the plea.'"   (Doc. 110 at 8 (quoting *United States v.*

*Dominguez Benitez*, 542 U.S. 74, 83 (2004) (holding that when a defendant failed to preserve a Rule 11 objection, he must show a reasonable probability that, but for the error, he would not have entered the plea).)[1]   Instead, Mr. Khan now requests that the Court place the burden on the Government to show harmless error beyond a reasonable doubt.   (Doc. 116 at 17 (citing *Dominguez Benitez*, 542 U.S. at 87 and *United States v. Burson*, 952 F.2d 1196, 1201 (10th Cir. 1991) (addressing constitutional errors)).)   That standard, however, only applies where the court determines that a constitutional error has occurred.   *See Burson*, 952 F.2d at 1200 ("If we find a violation of [the defendant's] constitutional rights, the conviction can stand only if we are satisfied beyond a reasonable doubt the error was harmless.").   The inquiry here is whether a constitutional error actually occurred, namely whether the Rule 11 violation impacted Mr. Khan's substantial rights.   *See Gigot*, 147 F.3d at 1198 (noting the inquiry into a violation of substantial rights is faithful "to the constitutional concerns Rule 11 was meant to further").

"A variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights."   Fed. R. Crim. P. 11(h).   The Tenth Circuit will find harmless error for Rule 11 violations where the error was not "reasonably likely to affect [the defendant's] decision to plead guilty."   *Gigot*, 147 F.3d at 1197, 1199 (determining defendant's failure to request plea withdrawal was not significant because the mistake persisted through sentencing); *see also United States v. Saenz*, 10 F. App'x 701, 709 (10th Cir. 2001) (applying same inquiry where district court

---

[1] Curiously, in Mr. Khan's original pleadings, he proffered no arguments regarding the burden for establishing harmless error and cited case law that placed the burden on the defendant.   (*See* Doc. 91 at 11 (citing *United States v. Rollings*, 751 F.3d 1183, 1190 (10th Cir. 2014).)   *See also United States v. Rollings*, 751 F.3d 1183, 1187 (10th Cir.) *cert. denied*, 135 S. Ct. 494 (2014) ("The defendant bears the burden of establishing [that an appellate waiver was either unknowing or involuntary].").   As this argument was previously available, Mr. Khan may only prevail on his motion now if the Court must "correct clear error or prevent manifest injustice."   *Christy*, 739 F.3d at 539.

denied motion to withdraw guilty plea).   In *Gigot*, the court held that the court's misinformation was reasonably likely to have affected the defendant's decision because (1) the district court failed to inform the defendant of the elements of the crimes; (2) the district court overstated the maximum penalties by six-fold; and (3) "the record contain[ed] no evidence that [the defendant] actually did know the elements or the penalties . . . ."   *Id.* at 1199.   As such, the court determined that the Rule 11 error violated the defendant's substantial rights.   *Id.*

Conversely here, no reasonable probability exists that Mr. Khan was influenced by the plea agreement and colloquy errors.   First, the jailhouse calls show that Mr. Khan was informed that the maximum sentence for Count Four was 30 years.   (*See* Doc. 110 at 9.)   Second, Mr. Khan decided to plead based on that understanding, recognizing he "didn't know until" the day of the pleading that the maximum was supposedly higher and showing no indication that the new maximum impacted his decision.   (*Id.*)   Third, Mr. Khan's previous arguments, that both the higher maximum sentence and failure to disclose a minimum supervised release influenced his decision, contradict each other and therefore undercut both arguments.   (*See id.* at 10.)   The misinformation here was significantly less than that in *Gigot*, and the Government here produced ample evidence that Mr. Khan never relied on that misinformation.   Consequently, the Court has sufficient evidence to find that the error was not reasonably likely to have affected Mr. Khan's decision to plead guilty.   *See Gigot*, 147 F.3d at 1197.

Having failed to meet his burden to prove assertion of innocence, validity of plea, and assistance of counsel (*see* Doc. 110 at 14–15), the Court need not address the remaining factors (*but see id.* at 15–17 (determining that the remaining factors also do not support Mr. Khan's request to withdraw his plea)).   *See Hamilton*, 510 F.3d at 1217.   Thus, contrary to Mr. Khan's renewed arguments, Mr. Khan is not entitled to withdraw his plea pursuant to 11(d)(2)(B).   He

neither established a fair and just reason to withdraw his plea, *see id.* at 1214, nor a need to correct

clear error or prevent manifest injustice, *see Christy*, 739 F.3d at 539.

## IV.    CONCLUSION

Mr. Khan's request to reconsider fails to present any change in law, new evidence, clear

error, or manifest injustice in the Court's previous order.  *See Christy*, 739 F.3d at 539.   Instead,

Mr. Khan seeks to reargue earlier issues.   All of these arguments were available at the time of the

original motion and are inappropriate reasons to grant a motion to reconsider.  *See id.*

**THEREFORE**,

**IT IS ORDERED** that Mr. Khan's Motion to Reconsider Denial of Motions to Withdraw

and Vacate Guilty Plea (Doc. 116) is **DENIED**.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**