## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.

ERIK BILAL KHAN,

          Case No. 2:12-cr-02901-MIS-KBM

    Defendant.

## ORDER DENYING DEFENDANT'S PRO SE MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

THIS MATTER is before the Court on Defendant Erik Bilal Khan's Pro Se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), filed November 21, 2023. ECF No. 257. The Government filed a Response on March 15, 2024, ECF No. 265, to which Defendant filed a Reply on June 28, 2024, ECF No. 274.[1] Defendant subsequently filed a Notice of Supplemental Authority. ECF No. 276. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion.

### I.    Background

In September 2011, investigators with the Department of Homeland Security and Investigations ("HSI") and the Las Cruces Police Department identified an Internet Protocol ("IP") address actively downloading and uploading child pornography. Presentence Investigation Report ("PSR") ¶ 18.[2] Agents learned that the IP address belonged to Defendant and observed Defendant's

---

[1]    The Undersigned Judge was assigned to this case on July 18, 2024. ECF No. 277.

[2]    The Court cites to the final version of the Presentence Investigation Report, which was not filed on the docket. A previous version of the PSR was filed on the docket under seal on June 21, 2016, ECF No. 164, but was subsequently revised to reflect certain changes made during Defendant's sentencing hearing on June 27, 2016.

As relevant here, two paragraphs were moved from the "Offense Conduct" section to the "Criminal History" section. Specifically, the "Offense Conduct" section of the version of the PSR filed at docket entry 164 contains: (1) a paragraph indicating that HSI investigators identified three minor victims who had been sexually molested by Defendant in Arizona while Defendant was in a position of authority over the victims, ECF No. 164 ¶ 27; and (2) a paragraph indicating that Defendant told a confidential source (who subsequently told an HSI agent) that Defendant

IP address sharing more than 500 files of child pornography between May 4, 2010, and May 2, 2012.  Id. ¶¶ 18, 19.

On May 9, 2012, law enforcement executed a search warrant on Defendant's residence where they seized a variety of electronic devices containing child pornography.  Id. ¶¶ 21-22.  In total, Defendant's various electronic devices contained 18,160 images of child pornography and 3,004 videos of child pornography.  Id. ¶ 23.  During a post-Miranda interview, Defendant stated that he had been collecting child pornography for several years and viewing child pornography for approximately ten years through peer-to-peer networks.  Id. ¶ 21.

On October 31, 2012, HSI agents subpoenaed the email contents of a Google email account belonging to Defendant and a Yahoo email account believed to belong to an adolescent male.  Id. ¶ 25.  The content of the email exchanges between the two accounts reflects Defendant "coaching" the purported minor on how to send child pornography to Defendant, including naked photographs of the purported minor.  Id.

On July 17, 2013, a Grand Jury sitting in the District of New Mexico returned a Superseding Indictment charging Defendant with four crimes:

- Count I charges Defendant with distributing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256;

"had produced child pornography using children from, among other places, Picacho Middle School in Las Cruces, New Mexico, and some [of] the child pornography was produced in the locker room at Picacho Middle School[,]" id. ¶ 28.  At the sentencing hearing, counsel for Defendant indicated that the Arizona accusations had been charged but not proven, and the New Mexico accusations had been charged but dismissed.  Tr. of Sentencing Hr'g, ECF No. 191 at 22:5 – 25:8.  He argued that, in any event, the accusations contained in both Paragraphs 27 and 28 were unrelated to the offenses charged in the instant federal case, and asked that the paragraphs be moved from the "Offense Conduct" section to the "Criminal History" section.  Id. at 23:2-6.  The Assistant U.S. Attorney indicated that she "would be okay with" moving Paragraphs 27 and 28 to the "Criminal History" section, id. at 27:2, and the Court (United States District Judge Robert C. Brack) agreed, id. at 27:3.  Thus, Judge Brack ordered those Paragraphs to be moved to the "Criminal History" section of the PSR, id., and they now appear in Paragraphs 73 and 74 of the post-sentencing version of the PSR.  Id. at 27:4-6.

2

- Count II charges Defendant with receiving visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256;

- Count III charges Defendant with possessing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256; and

- Count IV charges Defendant with attempting to produce a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2251(a), 2251(e), and 2256.

ECF No. 25 at 1-5.

On November 25, 2013, Defendant pleaded guilty to all counts of the Superseding Indictment pursuant to a written Plea Agreement. See ECF Nos. 65, 66. On June 27, 2016, the Parties filed an Amended Plea Agreement in which Defendant admitted the following facts underlying the charges:

> During the times alleged in the indictment, I, Erik Khan, distributed child pornography. For example, between May 25, 2009, to May 9, 2012, I knowingly distributed images of child pornography, as alleged in Count 1 of the Indictment. Specifically, on April 21, 2012, I shared a video with the file name "GERBYS II_012-2-preteen pedo boys.avi." The video is a visual depiction of a minor engaged in sexually explicit conduct. The video depicts real children—two boys, one of whom is prepubescent—having oral sex and anal intercourse. The image had been shipped or transported in interstate commerce by means of its transmission over the internet, and also by means of a computer. I distributed the video by knowingly sharing the video on a file sharing network.
>
> I further admit that I knowingly received images of child pornography between May 17, 2008, and May 9, 2012, as alleged in Count 2 of the Superseding Indictment. One such video, which bears the file name "p101 – boyorgie-beaverdam, mikael tied.mpg", is a visual depiction of a minor engaged in sexually explicit conduct. The video was found on the Seagate Drive bearing serial number: NAOBLJNG, recovered from my home. The video had been shipped or transported in interstate commerce by means of its transmission over the internet, and also by means of a computer. The video shows an actual child, namely a pre-pubescent

boy under the age of 12, engaging in sexually explicit. [sic] Specifically, the video depicts a nude prepubescent boy whose hands and feet are bound behind his back, while an adult male inserts his penis in the boy's mouth.

I admit that from on or about July 28, 2009, and continuing to on or about May 9, 2012, I was in possession of a Dell Laptop Computer bearing service code: 37728074485 ("Dell Laptop"), as charged in Count 3 of the Superseding Indictment.  The Dell Laptop was manufactured in China, and thus necessarily traveled in foreign commerce to be present in the state of New Mexico.  I knew that the Dell Laptop contained child pornography that I had stored on it.  The file name for the image that I chose is "Internet Explorer Wallpaper.bmp."  The image shows a close-up shot of an erect penis of an actual child, specifically a pre-pubescent boy approximately 8 to 11 years old.

I finally admit that from on or about September 1, 2009, until May 1, 2010, I knowingly attempted to persuade and induce someone I believed to be a minor to produce child pornography for my benefit.  Specifically, during that time period, as alleged in Count 4 of the Superseding Indictment, I was the user of the e-mail account ptbys12@gmail.com.  I began communicating online with someone using the e-mail account lovesgporn@yahoo.com.  I believed the user of that account was a minor male.  In order to induce the purported minor to produce child pornography of himself, I sent him videos and images of child pornography on several occasions. I also requested that the purported minor make pornographic images of himself on several occasions.  On April 3, 2010, I received two pornographic photos from the purported minor in answer to my request.  The photos depict a minor male between thirteen to fifteen years old holding his erect penis.

ECF No. 170 at 4-5.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Parties

agreed that a sentence of twenty years' imprisonment followed by lifetime supervised release was

the appropriate sentence, and Defendant agreed to pay $12,000 in restitution.  Id. ¶¶ 12(a), 15.

Prior to sentencing, the United States Probation Office prepared a Presentence

Investigation Report.  See ECF No. 164.  Relevant here, the PSR recommended a two-level

enhancement to Defendant's Offense Level for Count 4 under U.S.S.G. § 2G2.1(b)(1)(B), which

provides for a two-level increase "[i]f the offense involved a minor who had . . . attained the age

of twelve years but not attained the age of sixteen years[.]"  See id. ¶ 54.  The PSR found that the

two-level increase was warranted because Defendant "communicated with an individual via the

internet whom he believed to be an adolescent male[,]" "sent the adolescent male videos and images of child pornography on several occasions while requesting the adolescent minor to make, and send pornographic images of himself[,]" and "received two pornographic photos from the adolescent male which depicted a minor male between thirteen to fifteen years old holding his erect penis."  Id.

Defendant filed a Motion objecting "to any characterization that the individual(s) using the Yahoo email account lovesgporn@yahoo.com was in fact an adolescent male."  ECF No. 166 at 4. He argued that although he admitted in his Plea Agreement that he believed the person with whom he was chatting to be a minor, the enhancement only applies if (1) there was an actual minor involved or (2) law enforcement was involved in making the fictitious representations regarding the person's age.  Id. (discussing U.S.S.G. § 2G2.1, App. Note 1).  Because law enforcement was not involved in making fictitious representations regarding the age of the person associated with lovesgporn@yahoo.com, and because the Government could not prove that the person was actually a minor, Defendant argued that the enhancement should not apply.  Id.

At the sentencing hearing, United States District Judge Robert C. Brack found that the Government failed to prove by a preponderance of the evidence either that the person associated with lovesgporn@yahoo.com (1) was actually a minor or (2) that law enforcement was involved in making fictitious representations regarding the person's age.  Tr. of Sentencing Hr'g, ECF No. 191 at 32:7-19.  As such, he found that the Probation Office improperly applied the Section 2G2.1 enhancement.  Id. at 22-25

After further proceedings not relevant here, the Parties agreed that Defendant's Offense Level should be calculated at 39.  Id. at 57:10-17.  Because Defendant had no prior criminal convictions, his criminal history score was zero and Criminal History Category was I.  PSR ¶ 70.

Based upon an Offense Level of 39 and a Criminal History Category of I, Defendant's guideline imprisonment range was 240 months as to Counts 1 and 2,[3] 120 months as to Count 3, and 262 to 327 months as to Count 4.  See Tr. of Sentencing Hr'g, ECF No. 191 at 57:18-24.[4]  However, the Court accepted the Plea Agreement under Rule 11(c)(1)(C), adjudicated Defendant guilty of the charged offenses, and sentenced Defendant to a total term of 240 months' imprisonment—240 months as to Counts 1 and 2, 120 months as to Count 3, and 240 months as to Count 4, all to run concurrently.  Id. at 57:24 – 58:10; see also Am. J., ECF No. 174 at 3.  Defendant did not file a direct appeal; his post-conviction motions collaterally attacking his convictions and sentence, and requesting compassionate release, have all been denied.  See ECF No. 234, 246, 248, 255.

On or about November 21, 2023, Defendant filed the instant Pro Se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) in which he argues that he should receive a two-level reduction of his offense level under Amendment 821 (Part B) to the Sentencing Guidelines.  ECF No. 257.  The Government filed a Response, ECF No. 265, to which Defendant filed a Reply, ECF No. 274.  On July 15, 2024, Defendant filed a Notice of Supplemental Authority.  ECF No. 276.

---

[3]     At the sentencing hearing, Judge Brack stated that the guideline imprisonment range for Counts 1 and 2 was 262 to 327.  ECF No. 191 at 57:18.  However, the statutory maximum sentence for the offenses charged in Counts 1 and 2 was 240 months.  See PSR ¶ 127.  Pursuant to U.S.S.G. § 5G1.1(a), "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."  Because the statutory maximum sentence for Counts 1 and 2 (240 months) is less than the minimum of the applicable guideline range (262 months), Defendant's guideline imprisonment range for Counts 1 and 2 was 240 months.

[4]     Prior to Defendant's sentencing hearing, the U.S. Probation Office issued a PSR reflecting that Defendant's Total Offense Level was 38.  See ECF No. 164 ¶¶ 68, 126.  The version of the PSR issued after sentencing also reflects a Total Offense Level of 38.  PSR ¶¶ 66, 128.  However, during the sentencing hearing the Parties agreed, and the Court found, that Defendant's Offense Level was actually 39.  See ECF No. 191 at 57:10-17.

## II.     Legal Standard

Pursuant to 18 U.S.C. § 3582(c)(2), the court may reduce the term of imprisonment for a defendant "'who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)' and made retroactive pursuant to § 994(u)." Dillon v. United States, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)). "These ameliorative amendments to the Guidelines do not create a right to a sentence reduction." United States v. Piper, 839 F.3d 1261, 1266 (10th Cir. 2016) (citation omitted). "Rather, even if a defendant is eligible, such 'a reduction is not mandatory but is instead committed to the sound discretion of the trial court.'" Id. (quoting United States v. Telman, 28 F.3d 94, 96 (10th Cir. 1994)). "Section 3582(c)(2) authorizes a district court to reduce an otherwise final sentence under a Guidelines amendment if the reduction is consistent with U.S.S.G. § 1B1.10, the Sentencing Commission's relevant policy statement, and after considering the factors in 18 U.S.C. § 3553(a)." Id. (citing Dillon, 560 U.S. at 821). "The statute thus establishes a two-step inquiry." Dillon, 560 U.S. at 826.

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1).
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court

proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

Id. at 827.

## III.   Discussion

Defendant argues that the Court should reduce his sentence of imprisonment to 210 months under Amendment 821 (Part B) to the United States Sentencing Guidelines.  ECF No. 257 at 1.

For context, Amendment 821 (Part B) amended Chapter Four of the Sentencing Guidelines to provide "a two-offense-level reduction for offenders who present with zero criminal history points if the offender satisfies ten prerequisites for eligibility . . . ."[5]  United States v. Espinoza-

---

[5]    Specifically, Amendment 821 (Part B) amended Chapter Four of the Sentencing Guidelines to add the following new Part C:

PART C — ADJUSTMENT FOR CERTAIN ZERO-POINT OFFENDERS
§4C1.1. *Adjustment for Certain Zero-Point Offenders*
   (a) *Adjustment*.—If the defendant meets all of the following criteria:
      (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
      (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
      (3) the defendant did not use violence or credible threats of violence in connection with the offense;
      (4) the offense did not result in death or serious bodily injury;
      (5) the instant offense of conviction is not a sex offense;
      (6) the defendant did not personally cause substantial financial hardship;
      (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
      (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
      (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
      (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
   decrease the offense level determined under Chapters Two and Three by 2 levels.

Pena, CR. No. 17-0574 JCH, 2024 WL 1675672, at *1 (D.N.M. Apr. 18, 2024).   One of the

prerequisites for eligibility requires that "the instant offense of conviction is not a sex offense[.]"

U.S.S.G. § 4C1.1(a)(5).  "Sex offense" is defined as:

> (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of title 18, not including a recordkeeping offense; (iii) chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subparagraphs (A)(i) through (iv) of this definition.

U.S.S.G. § 4C1.1(b)(2) (emphases added).  Amendment 821 took effect on November 1, 2023, and

applies retroactively.  See Notice of final action regarding retroactive application of Parts A and B,

Subpart 1 of Amendment 821 (Amendment 8 of the amendments submitted to Congress on April

27, 2023), pertaining to criminal history, 88 Fed. Reg. 60,534 (Sept. 1, 2023).

Defendant does not dispute that his convictions fall under chapter 110 of title 18 and are

not for recordkeeping offenses.  See ECF No. 257 at 3.  However, he argues that chapter 110

offenses are not categorically "sex offenses" under Section 4C1.1.  See id. at 3-4, 6.  Specifically,

he argues that the Sentencing Commission "used 'perpetrated against a minor' as a series-qualifier

to ensure defendants who did not target children directly with their crimes are still eligible for the

---

(b) *Definitions and Additional Considerations*.—
  (1) 'Dangerous weapon,' 'firearm,' 'offense,' and 'serious bodily injury' have the meaning given those terms in the Commentary to §1B1.1 (Application Instructions).
  (2) 'Sex offense' means (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of title 18, not including a recordkeeping offense; (iii) chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subparagraphs (A)(i) through (iv) of this definition.
  (3) In determining whether the defendant's acts or omissions resulted in 'substantial financial hardship' to a victim, the court shall consider, among other things, the non-exhaustive list of factors provided in Application Note 4(F) of the Commentary to §2B1.1 (Theft, Property Destruction, and Fraud).

United States Sentencing Commission, Amend. 821, available at https://www.ussc.gov/guidelines/amendment/821 (last visited July 29, 2024).

reduction." <u>Id.</u> at 11.  He argues that Section 4C1.1(b)(2) "requires a court to consider the specific conduct in each case to determine if the child pornography offenses are 'perpetrated against a minor.'" <u>Id.</u>; <u>see also</u> <u>id.</u> at 3-4, 8-15, 23-26.  He argues that his chapter 110 offenses were not perpetrated against a minor as evidenced by the fact that he did not receive any enhancements under Sections 2G2.1 or 2G2.2 for involvement of minors, and there is nothing else in the record proving that his offenses were perpetrated against a minor.  <u>Id.</u> at 5, 12-15.  Thus, he argues that he is eligible for a sentence reduction under Amendment 821 (Part B).  <u>Id.</u> at 26-28.  He argues that applying Section 4C1.1's two-level reduction would result in an offense level of 37, which produces a guideline range of 210-262 months.  <u>Id.</u> at 28.  He requests that the Court exercise its discretion to reduce his sentence of imprisonment to 210 months.  <u>Id.</u> at 33.

The Government argues that Defendant is not eligible for relief because his offenses of convictions are all "sex offenses" under Section 4C1.1.  ECF No. 265 at 8-10 (citing, <u>e.g.</u>, <u>United States v. Kimler</u>, 335 F.3d 1132, 1147 (10th Cir. 2003)).  It further argues that even if Defendant's convictions do not disqualify him, he would still be ineligible because his amended guideline range after application of Section 4C1.1 would not change for Counts 1 through 3, and although his amended guideline range for Count 4 <u>would</u> change, he received a sentence under the amended guideline range.  <u>Id.</u> at 10.  In this regard, the Government argues:

> Applying § 4C1.1 to [Defendant's] total offense level of 43 would reduce his total offense level to 41. An offense level of 41 with a criminal history category of I, results in an amended guideline range of 324 to 405 months. However, the interplay between the statutory maximums and the guidelines under § 5G1.1 would result in an amended guideline range of 240 months for Counts 1 and 2 and 120 months for Count 3. Although [Defendant's] guideline range would change to 324 to 360 months for Count 4, his sentence of 240 months is below that range and no further reduction is authorized.[6]

---

[6]     It is unclear why the Government believes Defendant's total offense level was 43.  The PSR assigned Defendant a Total Offense Level of 38, <u>see</u> ECF No. 164 ¶¶ 68, 126, and, as previously mentioned, <u>see</u> <u>supra</u> Note 4,

Id. at 10-11; see also id. at 11-12.  The Government further argues that a sentence reduction is not warranted when considering the relevant 3553(a) factors, the likelihood of recidivism, and public safety.  Id. at 13-19.[7]

In his Reply, Defendant argues that the Government failed to address his argument that the phrase "perpetrated against a minor" in U.S.S.G § 4B1.1(b)(2) "requires an individualized, conduct-specific inquiry[,]" and therefore it has waived opposition to the argument.  ECF No. 274 at 1.  He further argues that the Government's reliance on Kimler is "misplaced" because Kimler "did not hold that Chapter 110 offenses are categorically 'perpetrated against a minor.'"  Id. Defendant further argues that the 3553(a) factors support a sentence reduction.  Id. at 2.  He argues that a sentence of 210 months "is sufficient to achieve the goals of sentencing while avoiding unwarranted disparities with similarly situated defendants who did not engage in aggravated conduct . . . ."  Id.  He argues that he "poses minimal danger if released earlier than originally

---

at the sentencing hearing all Parties agreed, and the Court found, that Defendant's total offense level was 39, ECF No. 191 at 57:10-17.

[7]        In its discussion of the 3553(a) factors, the Government appears to argue that the circumstances of this case involved Defendant sexually molesting minors and personally producing child pornography.  See ECF No. 265 at 15 ("In this case, Khan was in a position of authority over minors through his involvement as a counselor at a sex-offender treatment program for juveniles, as a Big Brother/Big Sister volunteer, as a middle school basketball coach, and as a volunteer high school coach.  Khan used these positions of authority to have access to minors . . . . "); id. at 17-19 (arguing that defendants convicted of "contact" sex offenses recidivate at a greater rate than those who commit non-contact related offenses).  This argument appears to be premised on the information contained in Paragraphs 27 and 28 of the version of the PSR issued prior to sentencing, ECF No. 164.  However, as discussed in Note 2, supra, the accusations contained in those paragraphs are unrelated to this case and, as such, Judge Brack ordered that they be moved from the "Offense Conduct" section of the PSR to the "Criminal History" section.  Tr. of Sentencing Hr'g, ECF No. 191 at 27:3-6.  Those paragraphs are now included in Paragraphs 73 and 74 of the post-sentencing version of the PSR, not in the "Offense Conduct" section.

According to Defendant, the charges stemming from the accusations in those paragraphs were either dismissed (in the case of the New Mexico charges) or "drastically reduced" (in the case of the Arizona charges, to which he pleaded no contest).  ECF No. 274 at 2.  As such, he argues that "there is no credible evidence [he] exploited minors through physical contact."  Id.

Regardless, because the accusations of child molestation and production of child pornography are unrelated to this case, and because the Government has submitted no evidence that Defendant was ever convicted of (1) a "contact" child sex abuse offense or (2) producing child pornography, the Court will not consider those accusations as part of its 3553(a) analysis.

anticipated" because, for example, (1) "[a]t age 44, his recidivism risk is low as reflected by the BOP's own assessment tool placing him in the minimum category[,]"  (2) "[t]he psychosexual evaluation by Dr. Roll found that he lacks characteristics associated with sexual abusers[,]" and (3) "[h]is productive conduct in prison, including completing paralegal coursework and publishing a book,[8] further evidences his rehabilitation."  Id.  He further asserts that he has always accepted responsibility for his offenses of conviction, fully paid the $12,000 restitution order, and has strong family support.  Id.  He further argues that the Government overstates Defendant's risk of recidivism, as Dr. Roll, "a respected psychologist, found [Defendant] is amenable to treatment and unlikely to reoffend[,]"and BOP's risk assessment tool places him in the lowest category.  Id. at 3.

In his Notice of Supplemental Authority, Defendant cites an order granting an unopposed motion for sentence reduction under Section 3582(c)(2) in United States v. Martinez, Case 2:17-cr-00098-MSD-DEM (E.D. Va. May 8, 2024).  ECF No. 276.

At step one of the Court's analysis under Dillon, the Court finds that Defendant is not eligible for a sentence reduction under Amendment 821 (Part B).  Initially, the Court observes that every court to have substantively addressed a Section 3582(c)(2) motion filed by a defendant convicted of a section 110 offense has concluded that the defendant was ineligible for relief under Amendment 821 and U.S.S.G. § 4C1.1.[9]  See United States v. Thames, 4:22-CR-40006-KES, 2024

---

[8]     According to the Motion, ECF No. 257 at 34, in 2023 Defendant published a 530-page book titled Surviving Pretrial: The Ultimate Survival Guide to Being Busted and Prosecuted by the Feds, (ISBN: 9798372032569).  As of July 29, 2024, the book is available on Amazon.com.

[9]     The Court acknowledges that Defendant's Notice of Supplemental Authority (ECF No. 276) cites an order granting a 3582(c)(2) motion for a sentence reduction under Amendment 821 filed by a defendant convicted of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2), which is a Chapter 110 offense.  See United States v. Martinez, Case 2:17-cr-00098-MSD-DEM, ECF No. 33 (E.D. Va. May 8, 2024).  However, the motion in Martinez was unopposed, see id., ECF No. 32 (E.D. Va. May 6, 2024), and neither the motion nor the order granting the motion analyze whether the defendant committed a "sex offense" as defined by U.S.S.G. § 4C1.1.  Indeed, neither the motion nor the order even mention Section 4C1.1 or its definition of "sex offense."  See id., ECF Nos. 32, 33.  In fact, the order contains no analysis whatsoever, and is issued on a standard, pro forma "Order Regarding Motion for

WL 3521800, at *2 (D.S.D. July 24, 2024) (finding that the defendant was ineligible for relief under Section 3582(c)(2) and Amendment 821 because his convictions for production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e) were "sex offenses" under U.S.S.G. § 4C1.1); United States v. Valencia, No. CR 15 4536 MV, 2024 WL 3105702, at *1 (D.N.M. June 24, 2024) (finding that the defendant was ineligible for relief under Section 3582(c)(2) and Amendment 821 because she "was convicted of a violation of 18 U.S.C. § 2252A(a)(2), which falls within Chapter 110 of Title 18 of the United States Code"); United States v. Fonseca, Criminal Case No. 19-20844-CR-Scola, 2024 WL 3026686, at *2 (S.D. Fla. June 17, 2024) (finding that the defendant was ineligible for relief under Section 3582(c)(2) and Amendment 821 because the defendant's convictions for distribution and possession of child pornography "are offenses under Chapter 110, Title 18"); United States v. Rivera-Tavira, Case No. CR-21-067-001-F, 2024 WL 2853085, at *2 (W.D. Okla. June 5, 2024) (finding that the defendant was ineligible for relief under Section 3582(c)(2) and Amendment 821 because the defendant's "conviction includes a violation of 18 U.S.C. § 2252A(a)(5)(B), which is in Chapter 110 of Title 18 of the United States Code"); United States v. Laducer, Case No. 1:13-cr-057, 2024 WL 2815440, at *4 (D.N.D. June 3, 2024) (finding that the defendant was ineligible for relief under Section 3582(c)(2) and Amendment 821 because "[t]he Defendant's convictions—18 U.S.C. § 2251(a) and (e) (Count One) and 2251(b) and (e) (Count Three)—fall within chapter 110 of title 18, and the victim was a minor"); United States v. Catoe, 2:20-CR-00031-DCLC-CRW, 2024 WL 2122013, at *1 (E.D. Tenn. May 10, 2024) (finding that the defendant was ineligible for relief under Section 3582(c)(2) and Amendment 821

---

Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" available for download at the Administrative Office of the Courts' website.   See https://www.uscourts.gov/forms/criminal-forms/order-regarding-motion-sentence-reduction-pursuant-18-usc-ss-3582c2 (last visited July 29, 2024).  Thus, the Court cannot and does not find that the order in Martinez supports Defendant's argument.

because "the offense of conviction is distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) which is an offense against a minor under chapter 110 of title 18") (internal citation omitted); United States v. Richards, No.: 3:18-CR-127-TAV-DCP-1, 2024 WL 900214, at *3 (E.D. Tenn. Mar. 1, 2024) (finding that the defendant was ineligible for relief under Section 3582(c)(2) and Amendment 821 because "[b]oth of defendant's offenses of conviction [receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2)] fall within Chapter 110 of Title 18 and are not recordkeeping offenses"); United States v. Severson, CRIMINAL NO. 12-127(DSD/TNL), 2024 WL 195647, at *2 (D. Minn. Jan. 18, 2024) (finding that the defendant was ineligible for relief under Amendment 821 because his chapter 110 offense for distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) is a "sex offense" under U.S.S.G. § 4C1.1).  It is unclear from these decisions whether the defendants in those cases made the same argument that Defendant makes here, but only one of those decisions—Laducer—actually made the finding that "the victim was a minor."  2024 WL 2815440, at *4.  In the other cases, the courts appear to treat chapter 110 offenses categorically as "sex offenses" under Section 4C1.1, as none of them considered the specific conduct in each case to determine whether the offenses were "perpetrated against a minor."  See, e.g., Catoe, 2024 WL 2122013, at *1 (finding that distribution of child pornography "is an offense against a minor under chapter 110 of title 18").

Defendant has cited no authority, and the Court has found none, supporting his argument that chapter 110 offenses are not categorically "sex offenses" under Section 4C1.1, and that courts are required to consider the specific conduct in each case to determine if the child pornography offenses were "perpetrated against a minor."  However, the Court has found persuasive authority rejecting the same argument as it pertains to the identical language in U.S.S.G. § 5D1.2.  See

United States v. Accardi, 669 F.3d 340, 345 (D.C. Cir. 2012); United States v. Gonzalez, 445 F.3d

815, 819 (5th Cir. 2006); United States v. Kimler, 335 F.3d 1132, 1147 (10th Cir. 2003).

Section 5D1.2(b) of the Guidelines provides that the term of supervised release for a

defendant convicted of a "sex offense" may be up to life.  The definition of "sex offense" in Section

5D1.2 is materially identical to the definition of "sex offense" in Section 4C1.1.  See U.S.S.G. §

5D1.2 Application Note 1 (defining "sex offense" as "(A) an offense, perpetrated against a minor,

under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of such title, not including

a recordkeeping offense; (iii) chapter 117 of such title, not including transmitting information

about a minor or filing a factual statement about an alien individual; (iv) an offense under 18

U.S.C. § 1201; or (v) an offense under 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to

commit any offense described in subdivisions (A)(i) through (v) of this note").

In Accardi, the defendant argued that his offenses for possessing and distributing child

pornography did not fall within Section 5D1.2 "because they were not 'perpetrated against a

minor.'"  669 F.3d at 345.  The D.C. Circuit squarely rejected the argument:

> As the victim impact statements in this case show, child pornography creates an
> indelible record of the children's participation in a traumatizing activity, and the
> harm to the child is only exacerbated by the circulation of the materials. See New
> York v. Ferber, 458 U.S. 747, 759, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); Child
> Pornography Protection Act of 1996, Pub.L. No. 104–208, § 101(a)(2), 110 Stat.
> 3009, 3009 (2006) (finding that "where children are used in its production, child
> pornography permanently records the victim's abuse, and its continued existence
> causes the child victims of sexual abuse continuing harm by haunting those children
> in future years").  Moreover, four different circuits have rejected precisely the
> argument that Accardi makes here. See United States v. Daniels, 541 F.3d 915, 924
> (9th Cir. 2008) (explaining that "merely possessing child pornography is not a
> victimless crime; it fuels the demand for the creation and distribution of child
> pornography"); United States v. Pugh, 515 F.3d 1179, 1196 (11th Cir. 2008) ("The
> distribution of photographs and films depicting sexual activity by juveniles is
> intrinsically related to the sexual abuse of children . . ."); United States v. Gonzalez,
> 445 F.3d 815, 819 (5th Cir.2006) (rejecting claim that "mere consumption" of child
> pornography is not "an offense perpetrated directly against a minor"); United States

15

v. Kimler, 335 F.3d 1132, 1147 (10th Cir. 2003) (holding that possession and consumption of child pornography are crimes "perpetrated against a minor"). No other federal court has accepted Accardi's argument, and we will not be the first.

Id.

In Kimler, the defendant was convicted of one count of receiving or distributing images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2), one count of possession of such images in violation of 18 U.S.C. § 2252(a)(4)(B), and four counts of distribution of such images in violation of 18 U.S.C. § 2252(a)(2). 335 F.3d at 1134. The court sentenced the defendant (under the 2001 edition of the Guidelines Manual) to 87 months' imprisonment, to be followed by three years of supervised release. Id. Section 5D1.3(d)(7) of the Guidelines Manual states that "[i]f the instant offense of conviction is a sex offense, as defined in §5D1.2[,]" the court should require the defendant to participate in a sex offender treatment program as a special condition of supervised release. U.S.S.G. § 5D1.3(d)(7) (2001 ed.) (emphasis added). The district court in Kimler included this special condition of supervised release in its judgment, and the defendant appealed. See id. at 1134, 1137. The defendant argued that Section 5D1.3(d)(7) should not apply "because he did not actually perpetrate an offense against a minor as the application note requires[.]" Id. at 1147. The Tenth Circuit rejected this argument and affirmed the district court's finding that "the child pornography offenses in this case were 'perpetrated against a minor' within the meaning of the guideline defining 'sex offense[.]'" Id. It concluded that because "Section 2252 is part of chapter 110[,] . . . offenses under 18 U.S.C. § 2252 are qualifying offenses for the 'recommended' imposition of the condition that Kimler participate in a sex offender treatment program." Id.

The same logic holds here. Because 18 U.S.C. §§ 2251 and 2252 are part of chapter 110, Defendant's convictions under those statutes are qualifying "sex offenses" under U.S.S.G. §

16

4C1.1(a)(5) and (b)(2).  As such, he is not eligible for a sentence reduction under 18 U.S.C. §

3582(c)(2) and Amendment 821 (Part B).

However, even if Defendant was eligible for a sentence reduction under 18 U.S.C. §

3582(c)(2) and Amendment 821 (Part B), the Court finds under Step Two of the <u>Dillon</u> analysis

that the relevant 3553(a) factors do not support a sentence reduction.  To begin with, the nature

and circumstances of Defendant's offenses are extremely troubling.  Defendant pleaded guilty in

Count 1 to knowingly distributing and attempting to distribute child pornography over a nearly

three-year period, ECF No. 25 at 1-2; he pleaded guilty in Count 2 to receiving child pornography

over a more than four-year period, <u>id.</u> at 2; he pleaded guilty in Count 3 to possessing child

pornography for a nearly four-year period, <u>id.;</u> and he pleaded guilty in Count 4 to attempting to

produce a visual depiction of a minor engaging in sexually explicit conduct, <u>id.</u> at 2-3.  The files

Defendant made available for distribution from his computer included a video of a nude preteen

child being anally penetrated by an adult male with his penis, among <u>at least</u> 500 others during the

relevant period.  PSR ¶¶ 19, 20.  The files Defendant was found to be in possession of included a

video of a pre-pubescent boy under the age of 12 whose hands and feet are bound behind his back

while an adult male inserts his penis in the boy's mouth; a photograph of an adult male anally

penetrating a nude, approximately ten-year-old boy with his penis; and a photograph of a nude

male toddler, approximately two years old, with his anus and genitals exposed and what appears

to be semen covering his anus and buttocks.  <u>Id.</u> ¶ 22.  Defendant admitted that he had been

collecting child pornography for several years and viewing child pornography for approximately

ten years.  <u>Id.</u> ¶ 21.  In total, Defendant's electronic devices contained <u>18,160</u> images of child

pornography and <u>3,004</u> videos of child pornography, <u>id.</u> ¶¶ 23, 27, a truly disturbing amount and

by far the most the Undersigned has ever seen in one case.  What is more, Defendant attempted to

produce a visual depiction of a minor engaging in sexually explicit conduct by asking a presumed

minor to send him pictures of him masturbating.  Id. ¶ 25. In this regard, Defendant admitted that

> from on or about September 1, 2009, until May 1, 2010, I knowingly attempted to
> persuade and induce someone I believed to be a minor to produce child
> pornography for my benefit. Specifically, during that time period, as alleged in
> Count 4 of the Superseding Indictment, I was the user of the e-mail account
> ptbys12@gmail.com. I began communicating online with someone using the e-mail
> account lovesgporn@yahoo.com. I believed the user of the account was a minor
> male. In order to induce the purported minor to produce child pornography of
> himself, I sent him videos and images of child pornography on several occasions. I
> also requested that the purported minor make pornographic images of himself on
> several occasions. On April 3, 2010, I received two pornographic photos from the
> purported minor in answer to my request. The photos depict a minor male between
> thirteen to fifteen years old holding his erect penis.

Id. ¶ 37; see also Am. Plea Agreement, ECF No. 170 ¶ 10.

At a minimum, the conduct underlying Defendant's offenses fuels the market for child

pornography, creates a demand for the production of child pornography, and inevitably leads to

the victimization of children at the hands of sexual predators.  See Ferber, 458 U.S. at 759

(observing that "[t]he distribution of photographs and films depicting sexual activity by juveniles

is intrinsically related to the sexual abuse of children" because "the materials produced are a

permanent record of the children's participation and the harm to the child is exacerbated by their

circulation"); Gonzalez, 445 F.3d at 819 ("'[T]here is no sense in distinguishing . . . between the

producers and the consumers of child pornography. Neither could exist without the other. The

consumers of child pornography therefore victimize the children . . . by enabling and supporting

the continued production of child pornography, which entails continuous direct abuse and

victimization of child subjects.'") (quoting United States v. Norris, 159 F.3d 926, 930 (5th Cir.

1998)).  As such, the Court finds that the nature and circumstances of Defendant's offenses do not

support a sentence reduction.  See Severson, 2024 WL 195647, at *1 (finding that the nature and

circumstances of the defendant's distribution of child pornography offense did not support a sentence reduction); United States v. Oldaker, CRIMINAL ACTION NO. 6:12-00148, 2023 WL 2761134, at *3 (S.D. W. Va. Mar. 28, 2023) (finding that the nature and circumstances of the defendant's possession of child pornography offense did not support a sentence reduction even though the defendant "was deemed by the BOP as a low risk to recidivate"); United States v. Sutton, Case No. 15-20048-JAR-1, 2021 WL 1664336, at *3 (D. Kan. Apr. 28, 2021) (finding that the nature and circumstances of the defendant's possession and distribution of child pornography offenses did not support a sentence reduction, even though it was his first felony offense, because "[e]ven those 'who 'merely' or 'passively' receive or possess child pornography directly contribute to [the child's] continuing victimization'") (quoting United States v. Goff, 501 F.3d 250, 259 (3d Cir. 2007)); United States v. Dewey, Case No. 14-10059-JWB, 2022 WL 1500663, at *3 (D. Kan. May 12, 2022) (finding that the defendant's possession of child pornography offense did not support a sentence reduction).

The Court acknowledges that Defendant cites evidence presented in his collateral civil proceeding under 28 U.S.C. § 2255 that he is not a risk to public safety and that his likelihood of recidivism is low.  See Khan v. United States, Case No. 2:22-cv-00621-RB-KBM, ECF No. 1 at 37 (D.N.M. Aug. 18, 2022) (citing Decl. of Doug Passon (ECF No. 1-2) ¶ 18; Bureau of Prisons FSA Recidivism Risk Assessment (ECF No. 2-5)).  For example, he provides the Declaration of attorney Doug Passon which states, inter alia, that Dr. Sam Roll performed a "comprehensive sexual evaluation" of Defendant and concluded that Defendant "does not have the personality features commonly associated with sexual abuse of children[,]" and that "there is nothing in the testing, his history, or behavioral patterns that suggest that he is likely to abuse children sexually." ECF No. 1-2 ¶ 18.  However, it does not appear that Defendant filed a copy of Dr. Roll's Report,

and Mr. Passon's description of the Report says nothing about whether Defendant is likely to recidivate with regard to his offenses for receiving, possessing, and distributing child pornography. Defendant also presented a copy of his BOP Recidivism Risk Assessment which places him in the "R-MIN" category.  See ECF No. 2-5.  While the BOP's Assessment is encouraging, given that Defendant had been collecting child pornography for several years and viewing child pornography for approximately ten years prior to his arrest, PSR ¶ 21, and that his offenses involved more than 18,000 images and more than 3,000 videos of child pornography, id. ¶ 23, the Court is skeptical of BOP's optimism.  See United States v. Braden, 796 F. App'x 10, 12-13 (2d Cir. 2019) (rejecting argument that district court failed to account for the defendant's reduced risk of recidivism where, although the defendant "did not have prior convictions for child pornography, he had . . . apparently possessed at least 5,000 images on his computer" and "while [his] age might suggest a lower risk of recidivism, his history of repeated and extensive collection of child pornography tends to undermine his argument that he has a low risk of recidivism").

Regardless, the Court finds that under the circumstances of this case, Defendant's 240-month sentence—which Defendant agreed "is the appropriate sentence in this case[,]" Am. Plea Agreement, ECF No. 170 ¶ 12—is sufficient, but not greater than necessary, to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(A) – (C).  Indeed, this sentence was below the guideline range for Count 4 at the time of sentencing, see Tr. of Sentencing Hr'g, ECF No. 191 at 57:23-24 (stating that Defendant's guideline imprisonment range as to Count 4 was 262 to 327 months), and is in the middle of the amended guideline range calculated by Defendant for purposes of the instant Motion, see ECF No. 257 at 28 (stating that Defendant's amended guideline

20

imprisonment range with the benefit of the Amendment 821 two-level reduction is 210-262 months).

Accordingly, the Court finds after considering all of the relevant 3553(a) factors that even if Defendant was eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 (Part B), a reduction of Defendant's sentence is not merited.

## IV.     Conclusion

Therefore, it is **HEREBY ORDERED** that defendant Erik Bilal Khan's Pro Se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 257, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE